UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JEFFREY L. RODRIGUEZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:12-CV-151-PPS |
| FORT WAYNE POLICE OFFICER MARK GERARDOT, | ) ) ) ) |
| Defendant. | ) ) |

## PROPOSED PRE-TRIAL ORDER

Pursuant to the Order of this Court, the attorneys for the parties to this action are to appear before United States Chief Judge Phillip P. Simon in Hammond, Indiana on August 11, 2014, at 1:00 p.m. central standard time, for a conference under Rule 16 of the Federal Rules of Civil Procedure.

Plaintiff is represented by Christopher C. Myers and Ilene M. Smith of the firm of Christopher C. Myers & Associates. Defendant is represented by Carolyn M. Trier of the firm of Trier Law Office.

Thereupon, the following proceedings were had and the following engagements and undertakings arrived at:

**A.   JURISDICTION**

Jurisdiction was conceded by counsel and found by the Court to be present.

**B.   ISSUES**

The case is at issue on Plaintiff's Complaint and Defendant's Answer and Affirmative Defenses.

**C.   PENDING MOTIONS**

There are no motions pending before the Court at this time. However, the parties anticipate filing motions in limine.

**D.   PLAINTIFF'S CONTENTIONS**

On May 12, 2010, Jeffrey L. Rodriguez was driving his 1986 Buick Regal in Fort Wayne Indiana. Defendant Mark Gerardot, acting as a person in his individual capacity pursuant to 42 U.S.C. § 1983 and under color of law, pulled over Rodriguez, allegedly for violating the City's noise ordinance, which Plaintiff alleges was false. Rodriguez was with his children, but he did not have his insurance card on him at the time, so Gerardot had his vehicle towed away. Officer Gerardot claimed that Rodriguez might have drugs, but he had no probable cause to believe so, and while Gerardot claims that a police dog "alerted" during a sniff test, and even after Gerardot got a warrant to search the car, no drugs were ever found. However, Gerardot trashed Plaintiff's vehicle, broke components, cracked the dashboard, dented the chrome, and was otherwise destructive of the vehicle in his overbroad search of the car, violating Plaintiff's rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

Plaintiff's vehicle was severely damaged by the overbroad and destructive search. Plaintiff's car was "torn up". The interior suffered oil and water damage; there was dirt throughout the interior; the trunk lock was broken, and the chrome piece covering the trunk lock had been torn off; the doors have been damaged; there was a crack in the dashboard; the underbody was damaged; the backseat was removed and not properly reinstalled; the roof lining had been pulled down; a part of the dashboard housing a speaker was cracked; a seatbelt was broken; chrome on the doors was bent; chrome on one of the headlights was chipped; a rubber piece from the gas pedal was missing; the car's overhead light was broken; and the trunk

2

speakers were damaged from water. Furthermore, Rodriguez discovered a GPS tracking device installed under his dashboard which he did not install.

Plaintiff claims Gerardot violated the Fourth Amendment and 42 U.S.C. § 1983 by conducting an unreasonably broad and destructive search. Plaintiff requests damages for lost value of his vehicle; the amount of money it would take to repair the vehicle; damages for emotional distress and mental anguish; and because Gerardot acted intentionally and in reckless disregard of Plaintiff's rights, Plaintiff is seeking punitive damages.

**E.     DEFENDANTS' CONTENTIONS**

This lawsuit arises from a police incident on May 12 and May 13, 2010. Jeffrey Rodriguez claims that Detective Gerardot damaged his Buick Regal when Detective Gerardot searched his Buick Regal in violation of his Fourth Amendment rights. During Detective Gerardot's search of the vehicle, he did not cause any property damage to the vehicle. Even if he did cause damage, police officers are permitted to cause reasonable damage when executing a search warrant.

On May 12, 2010, Detective Gerardot held the position of Vice and Narcotics Detective. On May 12, 2010, around 8:48 p.m., Detective Gerardot was in full police uniform and driving an unmarked city squad car. Detective Gerardot heard very loud stereo bass in the area of Brooklyn Avenue and Bluffton Road. Detective Gerardot identified the vehicle that the music was coming from, a 1986 brown Buick Regal, which was driven by and registered to a Jeffery L. Rodriguez, Jr.

Detective Gerardot could hear the bass from over 30 feet away, which is a violation of the Fort Wayne City Noise Ordinance 96.05. Detective Gerardot stopped the vehicle in the 5300 block of Bluffton Road. Mr. Rodriguez did not have his driver's license. Detective Gerardot

3

obtained the registration for the vehicle and returned to his vehicle.

Mr. Rodriguez was listed in the local police computer system with his photograph. Mr. Rodriguez was listed as a known resistor and party armed. Detective Marc Deshaies arrived on scene, and Detective Gerardot advised Detective Deshaies of Mr. Rodriguez's safety risk. Mr. Rodriguez was asked to exit the vehicle for a pat down for officer safety.

Detective Gerardot then asked Mr. Rodriguez if he had proof of insurance. Mr. Rodriguez did not have proof of insurance. Detective Gerardot advised Mr. Rodriguez that his vehicle would be towed from the area per state law. Mr. Rodriguez was allowed to remove his personal items. When Mr. Rodriguez removed his child seat in anger, he scratched his driver's side door with the seat. This was captured on Detective Gerardot's in car camera.

Detective Gerardot issued two citations. One citation was for the loud music from a vehicle. The other citation was for no proof of insurance. Detective Gerardot explained the citations to Mr. Rodriguez. Detective Gerardot then had Mr. Rodriguez's vehicle towed to 2416 Cass Street to complete an inventory search in a safe place out of traffic.

Once there, Detective Gerardot requested that Indiana State Trooper Brad Shultz, a certified canine officer, and his K-9 partner Gunnar do a perimeter sniff for the odor of narcotics around the Buick. Trooper Shultz advised Detective Gerardot that Gunnar had positive alerts on the trunk area and the passenger side door. Trooper Schultz then advised that Gunnar walked around the vehicle again and gave the same positive alert for the odor of narcotics on the trunk and door.

Detective Gerardot then had the vehicle towed to 1903 St. Mary's Avenue for a hold until Detective Gerardot could obtain a search warrant. This location is a secured vehicle evidence holding area for the Fort Wayne Police Department.

4

Based on K-9 Gunnar's positive alerts for the odor of narcotics on Mr. Rodriguez's 1986 Buick Regal trunk and passenger side door, Detective Gerardot had probable cause to believe that certain evidence of drug activity, including controlled substances and derivatives thereof, were concealed in Mr. Rodriguez's 1986 brown, Buick Regal. On May 13, 2010, Detective Gerardot prepared a search warrant affidavit regarding the investigation of Mr. Rodriguez's Buick Regal.

On May 13, 2010, Detective Gerardot obtained the warrant to search for narcotics. The search warrant states:

> "You are therefore AUTHORIZED and ORDERED, in the name of the State of Indiana, with the necessary and proper assistance, to enter into and/or upon the following described vehicle, to wit: a 1986 brown, Buick, Registration Plate YX7323, VIN#1G4GJ47A2GP210758, Registered to Jeffrey L. Rodriguez Jr. of, is currently located at 1903 St. Mary's Avenue, Fort Wayne, Indiana, Allen County, Indiana.
>
> You are instructed to diligently search for the above described evidence, to wit: controlled substances and derivatives thereof.
>
> You are further ordered to seize such property, or any part thereof, found on such search."

The Allen Superior Court judge signed the search warrant on May 13, 2010 at 2:45 p.m.

On May 13, 2010, Detective Gerardot searched the Buick Regal. Detective Gerardot searched the undercarriage of the vehicle, the internal portions of the bumpers, and the engine compartment under the hood. Detective Gerardot also searched the front drivers and passengers compartments. In addition, Detective Gerardot searched the trunk compartment, including a wood speaker box containing two large speakers. During the search, Detective Gerardot removed the speaker screws to look inside of the wooden speaker box. Detective Gerardot then put the speakers back in the box attached with the speaker screws. Based on Detective Gerardot's training and experience as a narcotics detective, illegal drugs are sometimes hidden in closed

5

compartments such as speaker boxes.

Detective Gerardot did not cause any property damage to the Buick Regal. No narcotics were found as a result of the search. The vehicle was towed back to Kelley's lot.

The defendant has retained Dwight Jewett as an expert witness. Dwight Jewett has worked in the auto collision service repair industry for over 35 years. Mr. Jewett owns Auto Collision Service. Mr. Jewett has owned Auto Collision Service for 20 years. Mr. Jewett was employed by Auto Collision Service for 15 years before he became the owner. As an employee of Auto Collision Service, Mr. Jewett performed auto repair, frame repair, and auto refinishing. Mr. Jewett is certified in auto repair, frame repair, and auto refinishing. Mr. Jewett is experienced in providing vehicle repair estimates, evaluating vehicle damage, and determining the best course of action to take to repair vehicle damage.

On April 10, 2013, Mr. Jewett inspected Jeffrey Rodriguez's 1986 Buick Regal at Dan Gratz Body Shop, Inc. Mr. Jewett provided the following expert opinions based on his inspection.

Mr. Rodriguez claims that his Buick Regal's rear trunk lock surroundings are coming off. Rear trunk lock surroundings are adhered decorative items that are easily taken off. Rear trunk lock surroundings are not items police officers would need to remove from a vehicle to access the trunk of a vehicle. Based on Mr. Jewett's inspection of Mr. Rodriguez's Buick Regal, Mr. Jewett saw that the rear trunk lock surroundings had previously been re-adhered with glue. When rear trunk lock surroundings are re-adhered with glue, they will easily fall off because re-adhering trunk lock surroundings with glue is not the proper way to adhere trunk lock surroundings. Trunk lock surroundings also become brittle with age.

Mr. Rodriguez claims that the rear seat of his Buick Regal required clean up after the

search of his Buick Regal. After the search of the Buick Regal, Mr. Rodriguez cut the top off of his Buick Regal. The rear seat cleaning resulted from cutting the top off of the Buick Regal or everyday dust and debris.

Mr. Rodriguez claims that the rear filler between the body of the Buick Regal and the bumper was damaged. Rear fillers are plastic parts that become brittle with age and fall apart.

Mr. Rodriguez claims that the dash of the Buick Regal was cracked. The dash is plastic. As a plastic dash ages, the plastic becomes brittle and will easily crack. The location of the crack on Mr. Rodriguez's dash is a normal location of a crack resulting from sun exposure, brittle plastic, and age.

Mr. Rodriguez claims that the back seat belts were unbolted during the search. Unbolting seatbelts requires the use of an air tool. The back seatbelts would have needed to be unbolted when Mr. Rodriguez cut the top off his Buick Regal, which occurred after the search.

Mr. Rodriguez claims that the Buick Regal's driver's door edge molding is loose around the lower part of the door. Rust has started to form around the lower part of the driver's side door. The rust is pushing the plastic molding away from the door.

Mr. Rodriguez claims that the brake pedal is off. The rubber part of the brake pedal has been off for a while as evidenced by the paint on the brake pedal being worn off.

Mr. Rodriguez claims that the plastic grille on his Buick Regal is loose, and that he believes that the grille became loose when the Buick Regal was loaded on the flatbed truck. The loading of Mr. Rodriguez's Buick Regal onto a flatbed truck would not have damages the grille because a flatbed truck pulls a vehicle by the vehicle's undercarriage. A flatbed truck does not "hook" onto the front of a vehicle. A plastic grille becomes brittle and loose with age.

Mr. Rodriguez claims that the driver's side head lamp bezel was damaged. The driver's

side head lamp is plastic and becomes brittle with age.

Based on Mr. Jewett's inspection of Mr. Rodriguez's 1986 Buick Regal on April 10, 2013, it is Mr. Jewett's professional opinion that the vehicle damage Mr. Rodriguez is claiming was not caused by the law enforcement's search of the vehicle. The damage to Mr. Rodriguez's twenty-seven year old Buick Regal is due to normal wear and tear and the age of the Buick Regal.

Jeffrey Rodriguez testified in his deposition that on May 12, 2010, while driving his 1986 Buick Regal on Bluffton Road in Fort Wayne, he was playing his music loudly right before he was stopped by the police. Mr. Rodriguez is not disputing the noise ordinance violation he received on May 12, 2010. On May 12, 2010, Mr. Rodriguez did not have proof of insurance with him when he was stopped by the police. Mr. Rodriguez testified that he told the officers that they could search his Buick Regal at the scene.

Mr. Rodriguez purchased the Buick Regal for $3,000.00 or $3,500.00. Mr. Rodriguez testified that he bought the Buick Regal the year after he was released from prison, which was around 2007.

Detective Mark Gerardot did not violate Mr. Rodriguez's federal constitutional rights. The condition of Mr. Rodriquez's twenty-seven year old Buick Regal is due solely to normal wear and tear and the age of the vehicle.

The alleged wrongful conduct does not rise to the level of a Constitutional deprivation (and, accordingly, plaintiff has no Federal cause of action). No act or omission of the defendant proximately caused the incident(s) of which plaintiff complains. No act or omission of the defendant proximately caused plaintiff any injury (or supposed damage). Plaintiff cannot satisfy § 1983's "proximate causation" requirements.

All actions taken by Detective Mark Gerardot were "objectively reasonable". Detective Mark Gerardot is entitled to "qualified immunity".

To the extent plaintiff (in "Plaintiff's Complaint") pled any state law claims, the defendant states that plaintiff's own negligence (including contributory negligence, incurred risk and failure to mitigate) bars any purported recovery; that all immunities afforded by the Indiana Tort Claims Act and the common law are asserted; that the limitations, "caps" and protections afforded by the Indiana Tort Claims Act and the common law are asserted; that the defendant relies upon the common law doctrine of "good faith" immunity; and the plaintiff failed to timely file an adequate "tort claim notice" with each appropriate entity (as required by the Indiana Tort Claims Act). See, e.g., I.C. §34-13-3-8 and I.C. §34-13-3-10. The defendant is immune from supposed "liability" under numerous provisions of I.C. §§4-13-3-3 et. seq..

Plaintiff has failed to allege the existence of a supposed unconstitutional policy or custom of the City of Fort Wayne. Thus, any Monell claim is barred.

**F.     ADMISSIONS**

The following facts are established by admission of the pleadings or by stipulation of counsel:

Mark Gerardot was operating as a police officer in his individual capacity as a person under color of law;

Mark Gerardot was acting in his individual capacity pursuant to 42 U.S.C. § 1983;

Mark Gerardot was employed as a police officer by the City of Fort Wayne on May 12, 2010.

**G.     CONTESTED ISSUES OF FACT**

The contested issues of fact are:

1. Whether Plaintiff suffered any damages as a result of the search by the Defendant;

2. Whether Plaintiff was subjected to an unlawful search contrary to the Fourth Amendment of the United States Constitution.

3. Whether, Defendant conducted a destructive search, and if the Defendant did so intentionally, knowingly, willfully, wantonly, or with reckless disregard of the that Plaintiff's rights;

4. The nature and extent of each Plaintiff's damages, if any;

5. Whether either Plaintiff is entitled to compensatory damages, and if so how much;

6. Whether either Plaintiff is entitled to punitive damages, and if so, how much;

7. Whether Mark Gerardot is entitled to immunity under State law;

8. Whether Mark Gerardot is entitled to qualified immunity under Federal law.

**H.   CONTESTED ISSUES OF LAW**

Whether the defendant is entitled to qualified immunity.

**I.   EVIDENCE**

**a) Plaintiff's exhibits may include any or all of the following:**

1. Estimates for repairs to vehicle.
2. Towing Fee receipts from Kelley Wrecker Service
3. Car stereo equipment receipts
4. Photographs of damage to interior and exterior of vehicle
5. GPS tracking device found in Plaintiff's vehicle
6. Police Narrative by Officer Gerardot
7. Chronological Case Summary
8. MVR Detail Report

9. City of Fort Wayne Tow and Inventory Form

10. Search Warrant dated May 13, 2010

11. Citation Case Detail

12. Indiana Complaint and Summons dated May 12, 2010 regarding "Loud music from vehicle"

13. Indiana Complaint and Summons dated May 12, 2010 regarding "No proof of insurance"

14. Valid proof of insurance for the time period of 5/07/10 through 6/06/10.

15. Fred Moore Expert Witness Report

16. Receipt from D&B Sales regarding speaker replacement damages

17. Estimate on interior damages by Seat Cover Center

18. Estimate on exterior damages by Dan T. Gratz Body Shop

19. Any and all documents/exhibits/evidence produced by Defendants through discovery

20. Any documents/exhibits/evidence used for rebuttal or impeachment

21. All exhibits listed by Defendant below

**b) Defendants' exhibits may include any or all of the following:**

1. Narrative Report by Detective Mark Gerardot, incident number 10F062474.

2. City of Fort Wayne Tow and Inventory Form, incident number 10F062474.

3. Fort Wayne Police LAW Incident Table, incident number 10F062474 .

4. Fort Wayne Police Main Names Table for Jeffrey Rodriguez.

5. Fort Wayne Police radio log table, incident number 10F062474.

6. Sixteen Fort Wayne Police Department radio transmissions, incident number 10F062474.

7. Search Warrant Affidavit signed by Detective Mark Gerardot, incident number 10F062474.

8. Spillman printout, incident number 10F062474.

9. Filings, pleadings, and judgment of conviction contained in the case of <u>State of Indiana v. Jeffrey Rodriguez</u>, cause number 02D04-1005-IF-004502.

10. Indiana (Complaint Information) and Summons for No Proof of Insurance, issued on May 12, 2010.

11. Indiana (Complaint Information) and Summons for Loud Music from Vehicle > 30 feet away.

12. Two invoices for Kelley Wrecker Service 24 Hour Towing & Recovery Service dated May 12, 2010 for Jeffrey Rodriguez's vehicle.

13. Invoice for Kelley Wrecker Service 24 Hour Towing & Recovery Service dated May 13, 2010 for Jeffrey Rodriguez's vehicle.

14. In-car camera video recording from Detective Gerardot's police vehicle, incident number 10F062474.

15. Filings, pleadings, and judgment of conviction contained in the criminal case of <u>State of Indiana v. Jeffrey Rodriguez</u>, cause number 02D04-0010-DF-000818.

16. Filings, pleadings, and judgment of conviction contained in the criminal case of <u>State of Indiana v. Jeffrey Rodriguez</u>, cause number 02D04-0110-MC-001535.

17. Filings, pleadings, and judgment of conviction contained in the criminal case of <u>State of Indiana v. Jeffrey Rodriguez</u>, cause number 02D04-0110-DF-000711.

18. Filings, pleadings, and judgment of conviction contained in the criminal case of <u>State of Indiana v. Jeffrey Rodriguez</u>, cause number 02D04-0308-CM-006743.

19. Filings, pleadings, and judgment of conviction contained in the criminal case of <u>State of Indiana v. Jeffrey Rodriguez</u>, cause number 02D04-0409-FC-000134.

20. Filings, pleadings, and judgment of conviction contained in the criminal case of <u>State of Indiana v. Jeffrey Rodriguez</u>, cause number 02D04-0409-MC-001762.

21. Filings, pleadings, and judgment of conviction contained in the criminal case of <u>State of Indiana v. Jeffrey Rodriguez</u>, cause number 02D04-1103-CM-001232.

22. Expert Report by Dwight Jewett of Auto Collision Services.

23. Affidavit of Dwight Jewett.

24. Photos of the Plaintiff's vehicle.

25. All documents and items produced by the defendants during discovery.

26. All documents and items produced by non-parties during discovery.

27. All documents and items identified in the plaintiff's initial disclosures.

**J.    WITNESSES**

**a) Plaintiff's witnesses may include any or all of the following:**

1.    Jeffrey Rodriguez, Plaintiff

2.    Lydia Rodriguez, mother

3.    Stacy Schnitz, friend

4.    Tony Rodriguez, uncle

5.    Fort Wayne Police Officer Mark Gerardot

6.    Timothy Bobay

7.    Marc Deshaies

8.    Brad Schultz

10.   Fred Moore (Expert Witness)

11.   Any witnesses listed by Defendant (unless otherwise objected to by Plaintiff);

13.   Any witnesses used for rebuttal or impeachment;

14.   Any witnesses used for document authentication;

15.   Any witnesses identified through Discovery.

**b.) Defendants' witnesses may include any or all of the following:**

1.    Jeffrey Rodriguez

2.    Detective Mark Gerardot
      c/o Carolyn M. Trier, Trier Law Office, P.O. Box 5528, Fort Wayne, IN 46895
      Telephone: (260) 485-7000

3.    Officer Timothy Bobay
      c/o Carolyn M. Trier, Trier Law Office, P.O. Box 5528, Fort Wayne, IN 46895
      Telephone: (260) 485-7000

4. Detective Marc Deshaies
   c/o Carolyn M. Trier, Trier Law Office, P.O. Box 5528, Fort Wayne, IN 46895
   Telephone: (260) 485-7000

5. Indiana State Trooper Bradley Schultz
   c/o Don Hostetler, Deputy Attorney General, Indiana Government Center South, 5th Floor, 302 W. Washington Street, Indianapolis, IN 46204
   Telephone: (317) 234-6684

6. Officer Josh Trenary
   c/o Carolyn M. Trier, Trier Law Office, P.O. Box 5528, Fort Wayne, IN 46895
   Telephone: (260) 485-7000

7. Dispatcher Michele Graft
   c/o Carolyn M. Trier, Trier Law Office, P.O. Box 5528, Fort Wayne, IN 46895
   Telephone: (260) 485-7000

8. Dan Parker – owner of Kelley Wrecker Service
   c/o Carolyn M. Trier, Trier Law Office, P.O. Box 5528, Fort Wayne, IN 46895
   Telephone: (260) 485-7000

9. D. Wysong – driver for Kelley Wrecker Service
   c/o Carolyn M. Trier, Trier Law Office, P.O. Box 5528, Fort Wayne, IN 46895
   Telephone: (260) 485-7000

10. Joe Jones – driver for Kelley Wrecker Service
    c/o Carolyn M. Trier, Trier Law Office, P.O. Box 5528, Fort Wayne, IN 46895
    Telephone: (260) 485-7000

11. Dwight Jewett of Auto Collision Services – Defense Expert

12. All persons identified in defendants' answers to interrogatories and responses to plaintiff's request for production of documents.

13. All persons identified in the plaintiff's initial disclosures.

14. All persons identified in the co-defendant's initial disclosures.

In the event there are other witnesses to be called at trial, their names and addresses and the general subject matter of their testimony will be reported to opposing counsel and copy to the Court, at least ten (10) days prior to trial. Such witnesses may be called at trial only upon leave

of Court. This restriction shall not apply to the rebuttal or impeachment witnesses, the necessity of whose testimony cannot reasonably be anticipated before trial.

**K.   JURY INSTRUCTIONS**

Jury instructions shall be submitted in accordance with the Court's Order Controlling the Case.

**L.   AMENDMENTS**

No amendments to the pleadings are anticipated.

**M.   TRIAL BRIEFS**

Trial briefs shall be filed with the Court and exchanged between counsel in accordance with the Court's Order Controlling the Case.

**N.   PRE-TRIAL ORDER**

This Pre-Trial Order has been formulated after a conference at which counsel for the respective parties have appeared. Reasonable opportunity has been afforded counsel for corrections or additions prior to signing by the Court. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court or by order of the Court to prevent manifest injustice. The pleadings will be deemed merged herein, but may also be introduced as exhibits at trial.

**O.   SETTLEMENT**

Settlement has not yet occurred.

**P.   TRIAL**

The probable length of trial is three (3) days. The case is set for trial before the United States Magistrate Judge on **the 22nd day of September, 2014 at 9:00 a.m.**

ENTERED this _____ day of August, 2014.

                                            Chief Judge Phillip P. Simon
                                            United States District Court for the
                                            Northern District of Indiana

APPROVED:

| /s/Christopher C. Myers_____ | /s/Carolyn M. Trier_____ |
|---|---|
| Christopher C. Myers, #10043-02 | Carolyn M. Trier, #15581-02 |
| Ilene M. Smith, #22818-02 | **TRIER LAW OFFICE** |
| **CHRISTOPHER C. MYERS & ASSOCIATES** | P.O. Box 5528 |
| 809 South Calhoun Street, Suite 400 | Fort Wayne, IN 46895 |
| Fort Wayne, IN 46802-2307 | Telephone: (260) 485-7000 |
| Telephone: (260) 424-0600 | Facsimile: (260) 485-7003 |
| Facsimile: (260) 424-0712 | Attorney for Defendants |
| Attorneys for Plaintiffs | |